UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
:   03 MDL 1570 (GBD) (SN)
:
-----------------------------------------------------------------x

**This Document Relates to:**

*Adler, et al. v. Republic of Sudan*, 1:23-cv-07164 (GBD)(SN)
*DiNardo, et al. v. Republic of Sudan*, 1:23-cv-07328 (GBD)(SN)
*Perry, et al. v. Republic of Sudan*, 1:23-cv-07391 (GBD)(SN)

### AFFIDAVIT OF SERVICE - Complaint

I, Thomas E. Mellon, III, state as follows:

1. I am one of the attorneys representing the Plaintiffs in the above-captioned cases.

2. I am over the age of eighteen years.

3. The Defendant in all three of these cases is the Republic of Sudan.

4. The *Adler, DiNardo* and *Perry* Plaintiffs have fully complied with the service requirements of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(3), by repeatedly attempting to "send[] a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned[.]"

5. The undersigned affiant counsel for the *Adler, DiNardo* and *Perry* Plaintiffs attempted to serve Defendant the Republic of Sudan pursuant to § 1608(a)(3) on multiple occasions and attempted to enlist the services of all of the possible international couriers permitted by the SDNY; specifically, the United States Postal Service ("USPS"), the Federal Express Corporation ("FedEx") and DHL Express International ("DHL"). All

international mail couriers, including FedEx, DHL and USPS, have temporarily suspended service due to deadly civil unrest and catastrophic mass starvation throughout the country of Sudan.

6. The practice in the Clerk's Office for the Southern District of New York is that, for DHL and FedEx, the party requesting the Clerk to dispatch a document is to provide the Clerk with a cover letter, the document to be sent, an extra copy of the document for the Clerk's files, and also an appropriately addressed mailing envelope with a completed and prepaid waybill. For USPS packages, the party requesting the Clerk to dispatch a document by U.S. Mail is to provide the Clerk with a cover letter, the document, an extra copy of the document for the Clerk's files, and an appropriately addressed mailing envelope with completed waybills and an amount of cash slightly in excess of what was estimated by a USPS Post Office.

7. In order to comply with these practices, the undersigned affiant counsel for the *Adler, DiNardo* and *Perry* Plaintiffs attempted to obtain the necessary mailing waybills and postage cost estimations for service on Sudan as set forth in the following paragraphs.

8. Plaintiffs' counsel first attempted to obtain appropriately addressed prepaid mailing waybills and postage estimations for § 1608(a)(3) service by mail on Defendant Republic of Sudan on April 29, 2024. Neither the FedEx nor DHL websites allow creation of a waybill for delivery of legal documents to Khartoum, the capital Sudan and the location of the Ministry of Foreign Affairs of the Republic of Sudan.

9. While attempting to send the pleadings to Sudan via DHL, the DHL website says DHL is not delivering to the capital of the country of Sudan at this time. *See* screenshot

from DHL's "Create a Shipment" website (https://mydhl.express.dhl/us/en/shipment.html#/#address-details), attached hereto as **EXHIBIT A**. When "Sudan" is listed as a delivery destination country when trying to create a DHL waybill on-line, a warning notice appears and states: "IMPORTANT: Some shipping services to and from Sudan are suspended" and continues to say that only "Port Sudan has resumed shipping services for [some limited] Documents and Packages…" *Id.*

10. Similarly, while attempting to send the pleadings via FedEx, its website says FedEx is not currently delivering to Sudan. The FedEx official website clearly states specifically that: "Sudan - Service to this country is suspended until further notice." *See* https://www.fedex.com/en-us/service-guide/dangerous-goods/international-locations.html (*accessed on* June 20, 2024), a screenshot is attached hereto as **EXHIBIT B**.

11. The USPS website (www.usps.com) seems to allow creation of a waybill to Sudan. Therefore, Plaintiffs' counsel attempted to obtain waybills for the *Adler, DiNardo* and *Perry* Plaintiffs' pleadings packages in-person at the U.S. Post Office in Fountainville, Pennsylvania, on May 22, 2024. Plaintiffs' counsel attempted to obtain completed waybills and an estimated amount of postage from the Post Office in order for the Clerk to dispatch the pleadings to Sudan pursuant to § 1608(a)(3). Plaintiffs' counsel's efforts were refused by the Post Office. The postal computer system stated: "WARNING: No International Services Available for Destination Entered [SUDAN]."

12. Again, on June 13, 2024, Plaintiffs' counsel attempted to obtain completed USPS waybills and an estimated amount of postage from the U.S. Post Office in Fountainville, Pennsylvania, in order for the Clerk to dispatch the pleadings to Sudan pursuant to § 1608(a)(3). Again, the USPS computer terminal stated: "WARNING: No International

Services Available for Destination Entered [SUDAN]." The postal employee hand-wrote the above statement as seen on her terminal and then officially stamped the paper with the date and post office location. Please see **EXHIBIT C** hereto.

13. Plaintiffs' counsel again attempted to obtain the required waybills and envelopes in order to send the *Adler, DiNardo* and *Perry* Plaintiffs' pleadings packages on June 21, 2024. For this § 1608(a)(3) service attempt, Plaintiffs' counsel went to "Parcel Place" in Doylestown, Pennsylvania. Parcel Place is an authorized DHL "Shipping Center," an authorized FedEx "Service Point," and is an authorized USPS dispatcher. Parcel Place offers all of the international delivery services for DHL, FedEx and USPS (as well as for the United Parcel Service ("UPS"), and other couriers).

14. On June 21, 2024, counsel for Plaintiffs spent over half an hour at Parcel Place while Parcel Place employees attempted to create waybills and determine the appropriate amount of postage to enable the Clerk to send the pleadings materials on the *Adler, DiNardo* and *Perry* Plaintiffs' behalf to Sudan. Parcel Place employees first attempted to enter "Sudan" in their unified computer system that combines the international courier services of, *inter alia*, DHL, FedEx and USPS. "No rates popped up" which led the employees to think there were no available shipping services to Sudan.

15. The Parcel Place employees then attempted to create delivery documents for Plaintiffs' pleadings materials via the individual web portals of DHL, FedEx and USPS. Again, all attempts were unsuccessful.

16. The Parcel Place employees were able to print out an individual page for USPS that states: "International Mail Service Suspensions… SUDAN 1-26-23 - Sudan's post advises that due to ongoing conflict in the country it suspended all postal services with

4

other Universal Postal Union member countries effective April 15. The post is working to put in place an alternative office of exchange." Please see attached **EXHIBIT D-1**.

17. That same day, June 21, 2024, the Parcel Place employees were also able to print out an individual page regarding FedEx that states: "[C]urrently, FedEx does not operate in the following countries due to aviation security and other legal restriction currently: Yemen, ***Sudan***, South Sudan, Somalia" (*emphasis added*). Please see **EXHIBIT D-2**, attached hereto.

18. On June 21, 2024, the Parcel Place employees were not able to find any prices or rates were available for DHL shipments to Sudan and could not generate a waybill for the *Adler, DiNardo* and *Perry* packages.

19. Incidentally, on June 21, 2024, the Parcel Post employees were also able to print out an individual page for UPS that states: "UPS does not ship to countries that are sanctioned by the United States government, including Cuba, Iran, North Korea, ***Sudan*** and Syria" (*emphasis added*). Please see **EXHIBIT D-3**, attached hereto.

20. On June 24, 2024, Plaintiffs' counsel again attempted to obtain the required prepaid waybills in order for the Clerk to mail the pleadings to Sudan, this time from a "FedEx Office" location in Doylestown, Pennsylvania. The FedEx Office employees rejected Plaintiffs' counsel's § 1608(a)(3) attempt to obtain the required mailing materials to the Republic of Sudan. A FedEx Office employee allowed Plaintiffs' counsel to photograph his computer terminal which stated: "SUDAN – SD – Service to this country is currently suspended." Please see **EXHIBIT E**, attached hereto.

21. On June 25, 2025, Plaintiffs' counsel once again attempted to obtain the required mailing waybills and estimated postage to enable the Clerk to send the *Adler, DiNardo*

and *Perry* Plaintiffs' pleadings packages. For the attempt, Plaintiffs' counsel went to a different USPS location. Counsel went in-person to the U.S. Post Office in Doylestown, Pennsylvania, to obtain the required mailing documents and the estimated amount of postage, and the three *Adler, DiNardo* and *Perry* Plaintiffs' pleadings and summonses and related documents packages were again refused. The postal employee stated that: "Service to Sudan is not possible." The supervisor of the post office provided Plaintiffs' counsel with a printout from the publicly-accessible USPS.com website (about.usps.com/newsroom/service-alerts/international/welcome.htm) which states:

> **INTERNATIONAL MAIL SERVICE SUSPENSIONS**
> *Updated: May 1, 2024*
> The Postal Service™ is temporarily suspending international mail acceptance for certain destinations due to impacts related to the COVID-19 pandemic and other unrelated service disruptions. Customers: please refrain from mailing items addressed to countries listed here, until further notice.
> …
> **Sudan**
> 7-25-23
> Sudan's post advises that due to ongoing conflict in the country it suspended all postal services with other Universal Postal Union member countries effective April 15. The post is working to put in place an alternative office of exchange.

22. The supervisor at the Doylestown, Pennsylvania, Post Office hand-wrote the above-referenced USPS web site address on a "post-it" note and attached it to the printout given to Plaintiffs' counsel on June 25, 2024. Please see **EXHIBIT F**, attached hereto.

23. On June 26, 2024, Plaintiffs' counsel again returned to Parcel Place for another attempt to obtain waybills and such for a § 1608(a)(3) service mailing attempt. Plaintiffs' counsel sought confirmation on paper that any attempt to send the pleadings packages specifically via DHL would indeed be rejected. Parcel Place was again unable to provide

a printed confirmation from their computer system that DHL is not currently delivering to Sudan. Instead, the manager of the Parcel Place, Jon Burn, typed up, on Parcel Post letterhead, "DHL is unable to ship to Sudan right now" and he signed and dated the document. Despite repeated attempts to enlist its assistance, DHL is not currently able to assist with the *Adler, DiNardo* and *Perry* Plaintiffs' § 1608(a)(3) service. Please see **EXHIBIT G**, attached hereto.

24. Well over 30 days have passed since the *Adler, DiNardo* and *Perry* Plaintiffs attempted and were unable to obtain the required delivery prepaid waybills and estimated postage, etc., for their pleadings and summonses and related documents. Service of the *Adler, DiNardo* and *Perry* Plaintiffs' pleadings and summonses and related documents was attempted and could not be made under § 1608(a)(3).

*Further the Affiant sayeth not.*

I, Thomas E. Mellon, III, being duly sworn, do hereby swear and affirm under penalty of perjury that the contents of this Affidavit are true and correct to the best of my knowledge, information and belief.

Thomas E. Mellon, III

Subscribed and sworn before me on this 22nd day of July, 2024, in

Doylestown     PA
(City)     (State)

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Meghan Price, Notary Public
Bucks County
My commission expires January 31, 2028
Commission number 1442958

7